IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALBERT LEE STURGIS | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-1261 |
| WARDEN | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TYRONE THOMPSON | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-1262 |
| WARDEN | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DAVID BRABOY | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-1263 |
| WARDEN | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JACKIE LEE WILLIAMS | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-1264 |
| WARDEN | * | |
| Defendant | | |

\*\*\*

MEMORANDUM

On May 16, 2006, the court received for filing identical letters from Albert Lee Sturgis ("Sturgis"), Tyrone Thompson ("Thompson"), David Braboy ("Braboy"), and Jackie Lee Williams ("Williams"), Division of Correction ("DOC") inmates who are confined at the Eastern Correctional Institution ("ECI"). The inmates complain that although they were recently remanded into the

custody of the DOC and classified as minimum security inmates, they were transferred to ECI, which is a maximum/medium security prison. Paper No. 1. They allege that all inmates recently classified at the DOC reception facility are being sent to ECI-West for "warehousing" and claim that nothing is being done to provide them programming under their classification status. *Id*. The letters were construed as 42 U.S.C. § 1983 causes of action.

Affording the complaints a liberal construction, the inmates allege that they are sitting warehoused and "dormant" because prison officials are not affording them programming consistent with their security level. Because it is well established that inmates prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship, the complaints must be dismissed. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Sandin v. Conner*, 515 U.S. 472 (1995) (an atypical and significant hardship must be shown as prerequisite to creation of a constitutionally protected liberty interest). Simply put, the inmates do not have a federally protected right to be: (1) placed into minimum security housing upon their arrival at ECI and (2) provided prison programming. The letter complaints fail to set out colorable constitutional claims as currently pleaded. For these reasons the cases shall be dismissed without prejudice.

Filed: May 30, 2006                         _/s/_____
                                            Andre M. Davis
                                            United States District Judge